```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :    CASE NO. 16-CR-92
                                            :
        Plaintiff,                          :
                                            :
v.                                          :    OPINION & ORDER
                                            :    [Resolving Doc. Nos. 55, 56,
ANDREW DAVISON,                             :    57, 58, 59]
                                            :
        Defendant.                          :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 16, 2016, a federal grand jury indicted Defendant Andrew Davison for being a felon in possession of a firearm, for possession with intent to distribute cocaine, and for possession with intent to distribute marijuana.[1] On March 24, 2016, a Lorain County grand jury indicted Davison based on the same conduct that underlies his federal charges.[2] This Court has continued Davison's trial repeatedly, and has twice appointed new counsel at Davison's request.[3]

Davison, now represented by Attorney David Doughten, has filed a flurry of motions on the eve of his August 1, 2016 trial. First, Davison moves to continue the trial date of August 1, 2016.[4] Second, Davison moves to dismiss the indictment on the theory that "it is a violation of his due process protections to try the federal case before an indicted state case where the state and federal charges arise out of the same factual basis."[5] Third, Davison moves *pro se* to dismiss the indictment for "duplicity."[6] Fourth, Davison moves pro so to dismiss the indictment for

---

[1] Doc. 1. The Government has now dismissed Counts 2 and 3 without prejudice. Doc. 48.
[2] Doc. 56 at 1.
[3] Doc. 13; Doc. 14; Doc. 25; Doc. 27; Doc. 28; Doc. 51; Doc. 53.
[4] Doc. 55.
[5] Doc. 56.
[6] Doc. 57.

Case No. 16-cr-92
Gwin, J.

prosecutorial misconduct and vindictive prosecution.[7] Fifth, Davison moves *pro se* to dismiss the indictment for "multiplicity."[8]

For the following reasons, this Court **DENIES** Davison's motions. Trial will proceed on August 1, 2016.

### I. Legal Standard

A criminal defendant has the right to counsel, including the appointment of counsel. A criminal defendant also has the right of self-representation. There is no right, however, for a defendant to simultaneously be represented by counsel and represent himself *pro se*.[9] Accordingly, a court need not consider pro se motions filed by a represented defendant.

The Double Jeopardy Clause provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."[10] However, the Clause's protections extend only to duplicative prosecutions brought by the *same* sovereign. States and the federal government are *separate* sovereigns.[11] Thus, the Double Jeopardy Clause does not prohibit the federal government and a state government from bringing successive prosecutions for offenses arising from the same criminal conduct.[12]

---

[7] Doc. 58.
[8] Doc. 59.
[9] *See United States v. Mosley*, 810 F.2d 93, 97-98 (6th Cir. 1987) ("[I]t is unquestionably well-established that a person accused of a felony has a constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings.")
[10] *Ohio v. Johnson*, 467 U.S. 493 (1984) (quoting *Brown v. Ohio*, 432 U.S. 161 (1977)).
[11] *Puerto Rico v. Sanchez Valle*, ___ U.S. ___, 136 S.Ct. 1863 (2016).
[12] *Bartkus v. Illinois*, 359 U.S. 121, 128-189 (1959) ("The Fifth Amendment's proscription of double jeopardy has been invoked and rejected in over twenty cases of real or hypothetical successive state and federal prosecution cases before this Court.").

Case No. 16-cr-92
Gwin, J.

As the Supreme Court recently explained, a state's power to undertake criminal prosecution "do[es] not derive from the federal government."[13] Indeed, a state's sovereignty to prosecute is "unconnected to" the federal government's.[14]

Even where the same sovereign is prosecuting, multiple charges can still arise from the same underlying conduct. So long as each charge requires factual proof different than the other does, multiple indictments are not in violation of the Double Jeopardy Clause.[15]

## II. Analysis

*Defendant's motion to dismiss the indictment*

Defendant, through counsel, moves to dismiss his indictment, arguing that it is a violation of his due process rights to be prosecuted by the federal government when the federal penalties are higher than in state court.

Defendant's arguments lose. There is no right to be prosecuted by the sovereign with the lower sentencing range. Indeed, federal and state governments have separate and "unconnected" authority to proceed with prosecutions arising out of the same conduct. This authority is not altered by which sovereign indicted the Defendant first, or which sovereign has higher penalties.[16]

Moreover, Davison has not shown that the two indictments are "multiplicitous." The charges in Davison's federal indictment are distinct crimes.[17] And there is no right for the charges separately brought by the state and federal government to be distinct. Even if the

---

[13] *Sanchez Valle*, 136 S.Ct. at 1872 (quoting *Heath v. Alabama*, 474 U.S. 82, 89 (1985)).
[14] *Id.*
[15] *Blockburger v. United States*, 284 U.S. 299, 301 (1932).
[16] *Cf. Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) (holding that "the rendition of a higher sentence by jury upon retrial does not violate double jeopardy clause nor does such sentence offend due process clause.")
[17] And at this stage, only the single charge for felon-in-possession is left. A single charge cannot be "multiplicitous" with itself.

-3-

Case No. 16-cr-92
Gwin, J.

indictments were brought by the same sovereign, Davison has not shown that the charges would merge, creating a "multiplicitous" indictment.

The Court **DENIES** Defendant's motion to dismiss the indictment

*Defendant's motion to continue trial*

Defendant, through counsel, moves to continue the trial. First, Davison says that "he has a constitutional right to have his state case resolved first." There is no such constitutional right. There are no grounds upon which to, as Davison requests, "establish that precedent."[18] Indeed, the opposite is true: the federal and state governments are separate sovereigns that have the authority to pursue their cases at their own speed.

Second, Davison says that "he believes that the Government trying this case first constitutes prosecutorial vindictiveness."[19] Again, this argument loses. There is no right for his federal case to go second.

The Court **DENIES** Defendant's motion to dismiss the indictment

*Defendant's* pro se *motion to dismiss the indictment for duplicity*

Defendant moves *pro se* to dismiss the indictment for duplicity. As Defendant is represented by counsel, he cannot separately file motions *pro se*. Nevertheless, Defendant's motion still loses on the merits. The Double Jeopardy clause does not prohibit a state and federal government from separately indicting Defendant for the same conduct.[20]

---

[18] Doc. 55.
[19] *Id.*
[20] Defendant appears to complain that he did not receive "notice of the charges" because of his federal detention. To the extent there was any failure of notice, it appears to have been cured because Defendant is now aware of his state and federal charges. Moreover, a delay in notice would not be grounds to dismiss the indictment.

-4-

Case No. 16-cr-92
Gwin, J.

The Court **DENIES** Defendant's *pro se* motion to dismiss the indictment for duplicity.[21]

*Defendant's* pro se *motion to dismiss the indictment for prosecutorial misconduct*

Defendant moves *pro se* to dismiss the indictment for "prosecutorial misconduct, vindictive prosecution, and other grounds." As Defendant is represented by counsel, he cannot separately file motions *pro se*. Nevertheless, Defendant's motion still loses on the merits.

Defendant alleges that the Elyria Police Department contacted the Bureau of Alcohol, Firearms, and Tobacco and the U.S. Attorney's Office when Davison "refused to become an informant and asserted his right to counsel."[22] Davison argues that his federal charges are thus based on prosecutorial misconduct and vindictive prosecution.

First, Davison has pointed to no case law indicating that contact between state and federal law enforcement is improper.

Second, Sixth Circuit case law is clear that a district court may not dismiss an indictment on these grounds "unless the defendant demonstrates that 'prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district.'"[23] Davison has made no such showing.

The Court **DENIES** Defendant's *pro se* motion to dismiss the indictment for prosecutorial misconduct.

---

[21] The Court also denies Defendant's request for oral argument. As cited above, there is ample case law on charges being brought by both state and federal sovereigns.
[22] Doc. 58.
[23] *United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985).

-5-

Case No. 16-cr-92
Gwin, J.

*Defendant's* pro se *motion to dismiss the indictment for multiplicity*

Defendant moves *pro se* to dismiss the indictment for multiplicity. As Defendant is represented by counsel, he cannot separately file motions *pro se*. Nevertheless, Defendant's motion still loses on the merits.

As explained above, Defendant's charges are not "multiplitious." The charges in Davison's federal indictment are distinct crimes.[24] And there is no right for the charges separately brought by the state and federal government to be distinct. Even if the indictments were brought by the same sovereign, Davison has not shown that the charges would merge, creating a "multiplicitous" indictment.

The Court **DENIES** Defendant's *pro se* motion to dismiss the indictment for multiplicity.

### II. Conclusion

For the foregoing reasons, this Court **DENIES** Davison's motions. Trial will proceed on August 1, 2016.

IT IS SO ORDERED.

Dated: July 20, 2016                                *s/        James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[24] And at this stage, only the single charge for felon-in-possession is left. A single charge cannot be "multiplicitous" with itself.