```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :    CASE NO. 16-CR-92
                                            :
        Plaintiff,                          :
                                            :
v.                                          :    OPINION & ORDER
                                            :    [Resolving Docs. 76, 80, 81, 82, 85]
ANDREW DAVISON,                             :
                                            :
        Defendant.                          :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 2, 2015, a jury convicted Defendant Andrew Davison of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] Although the Defendant litigated *pro se* at trial, he requested—and this Court appointed— counsel following his conviction.[2] Since his conviction, Defendant Davison has filed *pro se* motions requesting a new trial,[3] dismissal of his indictment,[4] release pending his sentencing,[5] and removal of AUSA Kelly Galvin and this Court for misconduct (collectively, the "Motions").[6] After filing the Motions, Defendant sent a letter to this Court requesting new counsel. The United States opposes the Motions and asks that the Court enjoin Defendant Davison from filing future *pro se* motions without leave of this Court.[7]

Previously, Defendant Davison filed several motions while represented by counsel.[8] This Court explained to Mr. Davison that he "has the right to counsel, including the appointment of

---

[1] Doc. 74.
[2] On August 3, 2016, this Court appointed Attorney Richard G. Lillie for Defendant Davison.
[3] Doc. 76.
[4] Doc. 80.
[5] Doc. 81.
[6] Doc. 82.
[7] Doc. 85.
[8] Docs. 55, 56, 57, 58, 59.

Case No. 16-CR-92
Gwin, J.

counsel."[9] He also has "the right of self-representation. There is no right, however, for [Davison] to simultaneously be represented by counsel and represent himself *pro se.* Accordingly, a court need not consider *pro se* motions filed by a represented defendant."[10]

Davison filed the present Motions *pro se* while represented by counsel. Therefore, the Motions are denied.

Defendant's motions are also denied for lack of evidentiary support. For example, Defendant offered no evidence to support his motion to remove AUSA Galvin and this Court. The Defendant accuses AUSA Kelly Galvin of vindictiveness, misconduct, threats, and discovery violations.[11] He also says that this Court failed to provide him a fair trial and violated his constitutional rights.[12] However, the Defendant fails to provide a single example to support any of these claims. In fact, this Court took substantial steps to accommodate the Defendant at trial.[13]

After filing the Motions, the Defendant wrote this Court requesting new counsel. The Motion gives no credible and specific justification for the appointment of new counsel. The Court denies the motion.

Finally, the United States requests that this Court enjoin Defendant Davison from filing *pro se* motions without leave of this Court and declare the Defendant a vexatious litigator.[14] The

---

[9] *United States v. Davison*, 2016 WL 3913688, at *1 (N.D. Ohio July 20, 2016) (citations omitted); *see also United States v. Sandles*, 2008 WL 275684, at *1 (E.D. Mich. Jan. 31, 2008) ("Since [defendant] is represented by counsel, his *pro se* motions for recusal shall be stricken").
[10] *Id.*
[11] Doc. 82.
[12] *Id.*
[13] For instance, this Court ensured the Defendant had a suit to wear during trial and provided the Defendant numerous opportunities to reformulate questions when examining witnesses.
[14] Doc. 85 at 3.

Case No. 16-CR-92
Gwin, J.

Court declines this request. Although the Sixth Circuit has approved enjoining vexatious litigators,[15] this Court declines to enjoin Defendant Davison at this point.

    This Court **DENIES** Defendant's motions.

    IT IS SO ORDERED.


Dated: October 19, 2016            *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[15] *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).