UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW DAVISON, | : | CASE NO. 1:16-cr-00092 |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 171] |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In August 2016, a federal jury convicted Petitioner Andrew Davison of being a felon in possession of a firearm.[1]

Now, Davison moves to vacate his sentence under 28 U.S.C. § 2255.[2] In his § 2255 petition, Davison claims: (1) Fourth Amendment violations, (2) jurisdictional issues, (3) Speedy Trial Act violations, (4) prosecutorial misconduct and malicious and vindictive prosecution, (5) state and federal due process violations, and (6) ineffective assistance of counsel.[3] The government opposes.[4]

For the following reasons, the Court **DISMISSES in part** and **DENIES in part** Davison's motion to vacate his sentence.

---

[1] Doc. 74.
[2] Doc. 171.
[3] *Id.*
[4] Doc. 176.

Case No. 1:16-cr-00092
GWIN, J.

I. Discussion

A federal defendant "in custody"[5] may petition the sentencing court to vacate their sentence if the court imposed the sentence "in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such a sentence," or if the sentence "is otherwise subject to collateral attack[.]"[6]

Petitioner Davison attacks his sentence on several grounds. The Court addresses each of Davison's claims.

A. Fourth Amendment Violations

In Ground 1, Petitioner Davison argues the police violated his Fourth Amendment rights when they received the evidence used against Davison at trial with inauthentic warrants.[7]

Fourth Amendment claims are not cognizable in a § 2255 proceeding when the petitioner "had an opportunity for full and fair litigation of [those] claim[s] at trial and on direct appeal."[8]

In this case, Davison moved to suppress the evidence gathered through the search warrants before trial. After a hearing, the Court denied Davison's motion.[9] Davison appealed, but the Sixth Circuit affirmed.[10]

---

[5] On November 27, 2020, Petitioner Davison was released from FCI Loretto. Doc. 171 at 2. Still, the Court sentenced Davison to three years of supervised release following his term of imprisonment. A person on supervised release under a federal sentence is still "in custody" for § 2255 purposes. *United States v. DeMario*, 246 F. Supp. 786, 787 (E.D. Mich. 1965); *see also, Maleng v. Cook*, 490 U.S. 488, 491 (1989) ("[W]e [have] held that a prisoner who ha[s] been placed on parole [is] still 'in custody' under his unexpired sentence.").

[6] 28 U.S.C. § 2255(a).

[7] Doc. 171 at 5–11. Davison's claim that prosecutors and police forged the search warrants and accompanying affidavits is unsupported.

[8] *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013).

[9] Doc. 63.

[10] *United States v. Davison*, 766 Fed. Appx. 232, 235–38 (6th Cir. 2019).

Case No. 1:16-cr-00092
GWIN, J.

Davison cannot use a § 2255 action to relitigate suppression issues he has already litigated. The Court dismisses Petitioner Davison's Fourth Amendment claim because he had a full and fair opportunity to litigate his claims at trial and on direct appeal.[11]

### B. Lack of Jurisdiction

In Ground 2, Petitioner Davison argues this Court lacked jurisdiction over his conduct because Ohio never "waived or forfeited" its jurisdiction.[12]

Under 18 U.S.C. § 3231, federal district courts have exclusive jurisdiction over "all offenses against the laws of the United States."[13] "[T]he permission of the states is not a prerequisite to exercise of that jurisdiction."[14] Moreover, "the same acts may be punished by two sovereigns—the federal government and the state government—if they offend the laws of both sovereigns."[15]

In this case, Davison was prosecuted for and convicted of violating 18 U.S.C § 922(g)(1), a federal offense.[16] Under § 3231, the Court had jurisdiction over Davison's conduct. This remains true even if Davison's conduct also violated Ohio law.

The Court denies Petitioner Davison's jurisdiction claim because the Court had jurisdiction over Davison's conduct.

---

[11] To the extent Davison is making an ineffective assistance of counsel claim with respect to the Fourth Amendment issue, the Court addresses that issue in Section F.
[12] Doc. 171 at 17.
[13] 18 U.S.C. § 3231.
[14] *United States v. Blevins*, No. 92-6538, 1993 WL 243765, at *1 (6th Cir. July 6, 1993) (citing *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992)).
[15] *United States v. Figueroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991).
[16] Doc. 6, 74.

Case No. 1:16-cr-00092
GWIN, J.

### C. Speedy Trial Act Violation

In Ground 3, Petitioner Davison argues the government violated his rights under the Speedy Trial Act because more than 70 days passed between his indictment and trial.[17]

"The Speedy Trial Act requires that in any case in which the defendant has not entered a guilty plea, trial must commence within 70 days of the filing of the indictment or the date of defendant's arraignment, whichever occurs later."[18] However, if the defendant fails to move for dismissal under the Act prior to trial, then the defendant waives the right to dismissal.[19]

In this case, Davison did not move to dismiss his indictment on Speedy Trial Act grounds before his trial or raise the issue on his direct appeal.

The Court dismisses Petitioner Davison's Speed Trial Act claim because Davison waived his right to dismissal of the indictment.

### D. Prosecutorial Misconduct, Vindictive Prosecution, and Selective Prosecution

In Ground 4, Petitioner Davison argues the federal prosecutors engaged in prosecutorial misconduct, vindictive prosecution, and selective prosecution.[20] Further, Davison claims that prosecutors and police conspired to plant drug evidence in his car and falsified search warrants and affidavits.[21] Also, Davison alleges that prosecutors did not comply with discovery requirements.[22]

---

[17] Doc. 171 at 19–22.
[18] *United States v. Brown*, 819 F.3d 800, 809 (6th Cir. 2016) (citing 18 U.S.C. § 3161(c)(1)).
[19] 18 U.S.C. § 3162(a)(2); *Brown*, 819 F.3d at 809.
[20] Doc. 171 at 23–30.
[21] *Id.*
[22] *Id.*

- 4 -

Case No. 1:16-cr-00092
GWIN, J.

### 1. Prosecutorial Misconduct

To prevail on a prosecutorial misconduct claim, "a habeas petitioner must demonstrate that the prosecutor's remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process."[23]

In his motion, Davison does not complain about any statements that Assistant United States Attorney Kelly Galvin made during trial. Rather, Davison takes issues with statements Galvin made in the government's discovery response and before the Court during pre-trial hearings.[24] These statements had no effect on Davison's subsequent jury trial and verdict and, therefore, cannot serve as grounds for a prosecutorial misconduct claim.

### 2. Selective Prosecution

"To prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory intent."[25]

In his motion, Davison does not establish any prosecutorial policy targeted him because he is a protected class member or treated him differently than similarly situated individuals who are not.[26] Accordingly, Davison cannot establish selective protection.

### 3. Vindictive Prosecution

To prevail on a vindictive prosecution claim, a defendant must show "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness

---

[23] *Anderson v. United States,* 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)) (internal quotation marks omitted).
[24] Doc. 171 at 23–30.
[25] *United States v. Jones,* 159 F.3d 969, 976–77 (6th Cir. 1998) (citing *United States v. Armstrong,* 517 U.S. 456, 465 (1996)).
[26] Doc. 171 at 23–30.

- 5 -

Case No. 1:16-cr-00092
GWIN, J.

of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right."

In his motion, Davison does not demonstrate that Assistant United States Attorney Galvin acted unreasonably to punish him for seeking discovery on the controlled drug buys at issue in his case. At a pre-trial hearing, Galvin indicated that she might bring additional charges if the Court required her to provide Davison with the controlled-buy video recordings.[27] But the Court did require the disclosure and Galvin did not seek a new indictment. Because Prosecutor Galvin ultimately did not act on her threat, Davison's vindictive prosecution claim cannot succeed.[28]

### 4. Other Claims

Davison also claims that Assistant United States Attorney Galvin and the Elyria Police Department conspired to plant evidence in his vehicle to secure a sentence enhancement. This claim is unsupported. Similarly, Davison provides no basis for his claim that the search warrants and supporting affidavits in this case are inauthentic.[29] Finally, Davison's claim that

---

[27] Doc. 124 at 16–24.
[28] See *United States v. Sepulveda*, No. 3:09-cr-00186-2, 2010 WL 500431, *3–4 (M.D. Tenn. Feb. 5, 2010); See also *United States v. Suarez*, 263 F.3d 468, 482 (6th Cir. 2001) (explaining that the typical remedy for vindictive prosecution is to "bar the augmented charge" and that such a remedy would be "meaningless" where the prosecution voluntarily dismissed the potentially problematic charges before trial).
[29] Davison attaches letters from Judge Miraldi and the county clerk's office stating that they could not locate a record of these search warrant. These letters do not support Davison's claim that the search warrants were fake. In his letter, Judge Miraldi explained he does maintain search warrant records. Doc. 171-8. In her letter, the clerk explained that she was unable to locate any public search warrants related to Davison's case. Further, she notes that Davison's counsel moved to unseal the search warrants in Davison's state case, but that the state case was dismissed before the judge ruled on the motion. Doc. 171-12.

Case No. 1:16-cr-00092
GWIN, J.

the government failed to turn over grand jury minutes and transcripts fails. Davison was not entitled to such material.[30]

Because these claims lacks merit, the Court denies Petitioner Davison's prosecutorial misconduct claim, selective and vindictive prosecution claims, and various other claims.

### E. Due Process Violations

In Ground 5, Petitioner Davison alleges various due process violations.[31]

First, Davison claims his due process rights were violated when he was indicted in federal court while also facing charges in state court for the same conduct.[32] But as previously discussed, a person can face prosecution in both state and federal court for the same conduct if the conduct violated the laws of both sovereigns.[33]

Second, Davison states that the Court did not permit him to introduce any evidence at trial.[34] The record does not support Davison's claim. Davison put on several witnesses.[35]

Third, Davison argues the Court did not conduct a "*Peppers*"[36] hearing before permitting Davison to proceed *pro se* at trial.[37] However, the Court conducted a proper colloquy before allowing Davison to waive counsel and represent himself.[38]

---

[30] Davison never established that he was entitled to pre-trial disclosure of grand jury materials. *See* Fed. R. Crim. P. 6(e)(3)(E)(ii). Further, Davison does not make a Jencks Act violation claim. *See* Fed. R. Crim. P. 26.2(a); 18 U.S.C. § 3500.
[31] Doc. 171 at 31–34.
[32] *Id.*
[33] Davison also argues he was unable to adequately defend his state charges based on his federal pre-trial detention. Davison offers no support for this claim. Moreover, Davison should raise this claim in the state court where his defense was allegedly impeded, and not here.
[34] Doc. 171 at 31–34. The Court address Davison's discovery claim in Section D.
[35] Doc. 128 at 170–210.
[36] The Court believes Davison is referring to *United States v. Peppers*, 302 F.3d 120, (3rd Cir. 2002), a Third Circuit decision discussing the proper inquiry a court must make before permitting a defendant to represent themselves. *See United States v. O'Brien*, 738 Fed. Appx. 38, 41 (3rd Cir. 2018) (referring to a "*Peppers* hearing").
[37] Doc. 171 at 31–34.
[38] *See* Doc. 120; *Davison*, 766 Fed. Appx. at 239–40.

Case No. 1:16-cr-00092
GWIN, J.

Further, Davison claims that he did not timely receive his presentence report or have an opportunity to discuss it with counsel. But the record does not support Davison's contention. Davison filed *pro se* objections to his presentence report, which belies his assertion that he did not receive it.[39] Additionally, the Court gave Davison an opportunity to discuss the report with his counsel prior to sentencing.[40]

Finally, Davison argues that he received a sentencing enhancement for drugs that the Elyria Police Department planted in his car. The Court found that the government had established by a preponderance of the evidence that the drugs at issue belonged to Davison.[41] The Sixth Circuit affirmed this finding on appeal. Davison offers no evidence to support his claim that the Elyria Police Department planted the drugs.

Because these claims lack merit, the Court denies Petitioner Davison's due process claims.

### F. Ineffective Assistance of Counsel

In Ground 6, Petitioner Davison argues that his trial and appellate counsel provided ineffective assistance.[42]

To establish ineffective assistance of counsel, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that [counsel's] deficient performance prejudiced the defense."[43] In evaluating the

---

[39] Doc. 125 at 3–10.
[40] *Id.*
[41] Doc. 125 at 43; *Davison*, 766 Fed. Appx. at 238–39. Davison successfully challenged his initial sentence on other grounds. At resentencing, the Court did not reconsider the four-level enhancement. Doc. 154 at 10–12. The Sixth Circuit affirmed. *United States v. Davison*, 832 Fed. Appx. 408 (6th Cir. 2020).
[42] Doc. 171 at 35–37.
[43] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Case No. 1:16-cr-00092
GWIN, J.

reasonableness of counsel's representation, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[44] Further, to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[45]

First, Davison claims that John Pyle, Davison's second trial counsel, was ineffective for failing to raise certain arguments in his suppression and *Franks* hearing motion.[46] But Pyle exercised his professional judgment in selecting his arguments. The Court is not persuaded that Pyle's strategy was objectively unreasonable. Even if Pyle were ineffective, Davison has not shown that there is reasonable probability that he would have prevailed on his suppression motion but for Pyle's errors.

Further, Pyle was not ineffective because he did not challenge the Court's jurisdiction. As explained above, the Court had jurisdiction. Counsel is not ineffective for failing to raise a meritless claim.[47]

Next, Davison argues that Richard Lillie, Davison's counsel for sentencing, was ineffective for failing to meet with Davison to discuss Davison's presentence report and for not objecting to the four-point sentencing enhancement for the controlled drug purchases.[48] However, at the sentencing hearing, Lillie told the Court that Davison refused to meet with him to review the presentence report.[49] Moreover, the Court gave Davison an opportunity

---

[44] *Id.* at 689.
[45] *Id.* at 694.
[46] *See* Doc. 171 at 35–36.
[47] *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020).
[48] Doc. 171 at 36–37.
[49] Doc. 125 at 3–4.

Case No. 1:16-cr-00092
GWIN, J.

to meet with Lillie at the courthouse before his sentencing. Even if Lillie's representation was inadequate, Davison has not shown that there is reasonable probability that the Court would not have considered the four-point enhancement had Lillie timely objected.

Finally, Davison asserts his appellate counsel was ineffective. But Davison does not adequately state an ineffective assistance claim.[50] Davison says that Timothy Sweeney and Susan Massey failed to meet with Davison to discuss his appeal and raise certain "issues."[51] Davison does not elaborate on the arguments his counsel should have but failed to raise.[52] Therefore, the Court cannot evaluate whether counsel's representation was inadequate or whether Davison was prejudiced as a result.

Because these claims lack merit, the Court denies Petitioner Davison's ineffective-assistance-of-counsel claims.

## II. Conclusion

For the foregoing reasons, the Court **DISMISSES in part and DENIES in part** Davison's § 2255 petition. Further, the Court declines to issue a certificate of appealability as to any grounds. Davison has not shown that "reasonable jurists would find [the Court's] assessment of the constitutional claims debatable or wrong."[53]

IT IS SO ORDERED.

Dated: August 11, 2021　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[50] Doc. 171 at 37–39.
[51] *Id.*
[52] *Id.*
[53] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).